UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x

JASON PETERS,

                                      Index No.

                *Plaintiff,*

      - against -                       VERIFIED COMPLAINT

THE CITY OF NEW YORK, a municipal entity, JOHN AND JANE DOES 1,-4.          Date Index Number Purchased:

                *Defendants*           JURY TRIAL DEMANDED

--------------------------------------------------------------------------------x

Plaintiff JASON PETERS, by his attorneys, Mariano Ashton PLLC, alleges upon knowledge, information, and/or belief as follows:

**Preliminary Statement**

1. In the summer of 2020, Jason Peters happened upon a group of people involved in First Amendment activity in support of Black lives.

2. Jason Peters began to observe and follow the protest.

3. Once he decided he wanted to leave the area of the protest, Jason Peters was, without warning, tackled to the ground so forcefully that he was left with a concussion, detained by officers for no reason other than he was walking away from a protest, and released only after he begged for his life.

## Jurisdiction and Venue

4. This Court has federal question, subject matter, jurisdiction over this case, pursuant to 28 U.S.C. §§ 1331 and 1343(a) since it includes claims under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and thus arises under federal law, 42 U.S.C. § 1983.

5. Pursuant to Federal Rules of Civil Procedure, Rule 4(k)(1)(A), this Court can obtain personal jurisdiction over all Defendants through service of process since they all would be subjection to the jurisdiction of a New York court of general jurisdiction. Defendant the City of New York, is a citizen of the State of New York because it is incorporated and maintains its principal place of business in the State of New York. Upon information and belief, all the individual NYPD officer Defendants are residents and also citizens of the State of New York. Constitutional due process would not be violated since this court would be properly exercising its specific jurisdiction since the claims in this action arose out of the conduct of all the Defendants within New York.

6. Under federal question jurisdiction in this case, pursuant to 28 U.S.C. § 1367, the Court can exercise its supplemental jurisdiction to consider Plaintiff's New York State Constitutional and New York common law claims.

7. Venue in New York County is proper, pursuant to 28 U.S.C. § 1392(b), because the incident underlying the claims occurred in Manhattan

## Parties

8. Plaintiff Jason Peters is a resident and citizen of the state of New York who resides in Manhattan.

9. Defendant City of New York ("City") is a municipal corporation organized under the laws of New York with its principal place of business in Manhattan.

10. John and Jane Does #1-4 (collectively "Doe Defendants" or "Police Defendants") are NYPD uniformed members of the service whose identities are unknown at this time and who, on information and belief, are assigned to various NYPD precincts throughout Manhattan or New York City in general. The names John and Jane Doe are fictitious and refer to individual NYPD officers involved in Plaintiff's assault and/or ensuing detention whose true identities are presently unknown to Plaintiff. At all relevant times, the individual officers were employed by the City of New York and acted under the color of law in the course and scope of their duties as officers, agents, servants, and employees of the City of New York.

11. John Doe 1 was a heavy set, male Caucasian officer who was approximately six feet tall or taller.

12. John Doe 2 was a Black male, who was approximately 5'10", with a slim build.

13. Jane Doe 3 was a Hispanic, female officer who was short and had brown hair pulled to the back with a police hat on her head.

## Jury Demand

14. Plaintiff demands a jury trial.

**Facts**

15. On July 25, 2020, Plaintiff Jason Peters was with friends in SoHo shopping for an upcoming charity event.

16. As he was shopping, a marching protest came through SoHo; Jason Peters and his friends joined the marching protest.

17. At no time during the marching protest did Jason Peters interact with the NYPD.

18. The marching protest proceeded from SoHo to the Lower East Side and concluded without incident.

19. After the conclusion of the marching protest, the protesters dispersed in various ways; Jason Peters began to walk home with his friends, they proceeded to walk on the sidewalk.

20. At approximately 10:00pm, after walking for approximately twenty minutes, plaintiff and his friends were near the South Street Seaport.

21. Jason Peters observed a member of the NYPD, without warning, tase an individual protester that had been walking directly in front of him.

22. After observing the man tasered, Jason Peters, a Black man, became fearful for his own safety.

23. Out of fear that he would be hurt indiscriminately by the NYPD - like the person who was just tased in front of him - Jason began to walk away from where the location.

24. Jason Peters was not carrying a weapon.

25. Jason Peters was not threatening or menacing the police in any way.

26. Jason Peters was not interacting with or chanting at the police.

27. Jason Peters was not interacting with the other protesters.

28. Jason Peters was attempting to remove himself from an increasingly dangerous situation and return to his home that was only blocks away.

29. Prior to Jason Peters seeking to remove himself from the increasingly dangerous situation he had never been told that he was being detained or under arrest.

30. Prior to Jason Peters seeking to remove himself from the increasingly dangerous situation he had never been told to walk in a specific direction.

31. Prior to Jason Peters seeking to remove himself from the increasingly dangerous situation he had never been warned not to proceed in a given direction.

32. Jason Peters was never warned that force would be used against him if he did not act in a prescribed way.

33. As Jason Peters attempted to remove himself from the increasingly dangerous situation and walk home, Defendant John Doe #1, without warning, tackled Mr. Peters with extreme force causing severe physical pain.

34. Mr. Peters was thrown to the ground where he hit his head, shoulder, and knees.

35. Mr. Peters was thrown with such force that his fanny pack was torn from his body, his knees were scraped and bruised, he sustained a handprint shaped bruise on his back, and he sustained a concussion from hitting his head.

36. After being tackled to the ground, Mr. Peters was seized by Defendants John Doe #2 and Jane Doe #3.

37. Jane Doe #3 grabbed Jason Peter's right hand and forced it behind his back; John Doe #2 placed his hand on Mr. Peters' waist.

38. At no time was Mr. Peters told he was under arrest.

39. At no time did Mr. Peters resist while being tackled, grabbed, and seized.

40. After Mr. Peters was seized by Defendants John Doe #2 and Jane Doe #3, Defendant John Doe #1 approached Mr. Peters, pointed his baton at Mr. Peters' face, and asked, "Where do you think you're going, bro?";

41. Pointing the baton in Mr. Peters' face and asking a question in such a menacing way placed Mr. Peters' in a state of fear that he was going to be hit in the face with the baton by John Doe #1.

42. At this time, Mr. Peters was in horrible fear that his life would end as he was going to be killed by John Doe #1 like other Black men who had been killed by police.

43. During the time that Defendants John Doe #2 and Jane Doe #3 restrained Mr. Peters while John Doe #1 pointed menacingly at Mr. Peters with his baton, John Doe #4 yelled to John and Jane Does #1-3, "No, get *him*."

44. After this statement by John Doe 4, John Does #1 & 2 pursued the individual indicated by John Doe #4, while Jane Doe #3 continued to restrain Mr. Peters.

45. In an attempt to be released and out of fear of further injury or death, Mr. Peters begged Jane Doe #3 to release him.

46. Jane Doe #3 asked Mr. Peter's "Why were you running?" to which Mr. Peters replied, "I wasn't running. I'm Black. I just saw someone get shot in front of me, so I got out of the way. That's why I moved. I was scared."

47. Mr. Peters continued to plead with Jane Doe #3 for his release; Mr. Peters stated, "My friends are across the street. We were out buying gifts for people. I'm not a bad person."

48. After this last round of pleading from Mr. Peters, Jane Doe 3 began to release her grip on Mr. Peters and walked him away from the crowd.

49. Jane Doe #3 then commanded Mr. Peters to raise his hands over his head and walk forward, commanding him while Jane Doe #3 remained directly behind the Plaintiff.

50. Due to the historical treatment of Black people in the United States at the hands of police, the volatility of NYPD's response to the ongoing protests, and the preceding violence at the hands of John and Jane Does #1-3 thrust upon the Plaintiff, he believed he was being set up to be killed.

51. Mr. Peters thought as he was walking away, he would be shot in the back. Even as Mr. Peters continued to step forward and Jane Doe #3 stated, "get home safe," Mr. Peters anticipated that he would be shot in the back.

52. As Mr. Peters left this location, he was fearful that John Doe #1 would return and harm him further.

53. Due to the conduct of the NYPD that evening towards Mr. Peters, he is still fearful that he will encounter John Doe #1 and come to further harm at his hands.

54. On November 3, 2020, Plaintiff served notice of claim pursuant to General Municipal Law § 50-e upon Defendant City of New York through the Office of the Comptroller's online system.

55. On December 18, 2020, the City conducted an examination of Plaintiff Jason Peters pursuant to General Municipal Law § 50-h.

## Causes of Action

## FIRST CLAIM

### 42 U.S.C. § 1983 – EXCESSIVE FORCE AGAINST DEFENDANTS JOHN/JANE DOES #1-4

56. Plaintiff realleges the preceding paragraphs as if set forth here.

57. On July 25, 2020, Defendants John/Jane Does #1-4 used objectively unreasonable force against Plaintiff Jason Peters, proximately causing a substantial and serious injury.

58. At all relevant times, Defendants John/Jane Does #1-4 were acting under color of state law.

59. The conduct of Defendants John/Jane Does #1-4 was willful, wanton, and reckless.

60. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## SECOND CLAIM

### 42 U.S.C. § 1983 – FIRST AMENDMENT AGAINST DEFENDANTS JOHN/JANE DOES #1- 4

61. Plaintiff realleges the preceding paragraphs as if set forth here.

42. On July 25, 2020, Plaintiff Jason Peters engaged in protected First Amendment activity.

43. Motivated by Plaintiff's protected activity, Defendants John/Jane Does #1-4 took adverse action against him, proximately causing injury.

44. Mr. Peters was put in fear for his life and safety by the conduct of the Doe Defendants.

45. Mr. Peters has not felt sufficiently safe to engage in First Amendment activity since the incident.

46. At all relevant times, Defendants John/Jane Does #1-3 were acting under color of state law.

47. The conduct of Defendants John/Jane Does #1-3 was willful, wanton, and reckless.

48. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

### THIRD CLAIM

#### 42 U.S.C. § 1983-VIOLATIONS OF THE FOURTH AMENDMENT (UNLAWFUL SEIZURE AND DETENTION) AGAINST NYPD OFFICERS JOHN DOES #1-4

49. Plaintiff realleges the preceding paragraphs as if set forth here.

50. All the individual Defendant NYPD officers seized and/or then unlawfully detained Plaintiff on July 25, 2020.

51. The seizure and unlawful detention were not privileged as they were without probable cause that the plaintiff was engaged in criminal conduct.

52. The seizure and unlawful detention were not privileged as they were without a warrant for the arrest and / or detention of the plaintiff.

53. As a result of the illegal seizure and detention to which he was subjected, Plaintiff was deprived of his liberty, property, and constitutional rights under the Fourth Amendment to the United States Constitution.

54. At all relevant times, Defendants John/Jane Does #1-4 were acting under color of state law.

55. The conduct of Defendants John/Jane Does #1-4 was willful, wanton, and reckless.

56. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## FOURTH CLAIM

### 42 U.S.C. § 1983 – FOURTEENTH AND FIRST AMENDMENTS – FAILURE TO INTERVENE AGAINST DEFENDANTS JOHN/JANE DOES #1-4

57. Plaintiff realleges the preceding paragraphs as if set forth here.

58. On July 25, 2020, Defendants John/Jane Doe #1-4 were aware of the violation of Plaintiff Jason Peters constitutional rights, had an opportunity to intervene, and chose not to do so, proximately causing injury.

59. At all relevant times, Defendants John/Jane Does #1-4 were acting under color of state law.

60. The conduct of Defendants John/Jane Does #1-4 was willful, wanton, and reckless.

61. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## FIFTH CLAIM

### ASSAULT

62. Plaintiff repeats and realleges the preceding paragraphs as if set forth here.

63. On July 25, 2020, Defendants John/Jane Does #1-4 placed Plaintiff in imminent apprehension of harmful or offensive contact.

64. Plaintiff did not consent to harmful or offensive contact, and such contact would not have been otherwise privileged.

65. At all relevant times, Defendants John/Jane Does #1-4 were acting within the scope of their employment as employees, agents, and/or servants of Defendant City of New York.

66. As a result of these acts, Plaintiff suffered the damages hereinbefore alleged.

67. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## SIXTH CLAIM
### BATTERY

68. Plaintiffs repeat and reallege the preceding paragraphs as if set forth here.

69. On July 25, 2020, Defendants John/Jane Does #1-4 made harmful or offensive bodily contact with Plaintiff Jason Peters.

70. Plaintiff did not consent to harmful or offensive bodily contact, and the contact was not otherwise privileged.

71. At all relevant times, Defendants John/Jane Does #1-4 were acting within the scope of their employment as employees, agents, and/or servants of Defendant City of New York.

72. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## SEVENTH CLAIM
### VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

42. Plaintiffs repeat and reallege the preceding paragraphs as if set forth here.

43. As a result of the aforesaid conduct of Defendant THE CITY OF NEW YORK and the Defendant POLICE OFFICERS, the Plaintiff was deprived of rights guaranteed to him by the New York State Constitution, including though not limited to:

    a. The right of the people to freely speak their sentiments on all subjects as described in Article I §8 of the New York State Constitution.

    b. The right of the people to peaceably assemble to petition the government, or any department thereof as described in Article I §9 Subsection 1 of the New York State Constitution.

    c. The right of the people to be free from excessive force under Article I §12 of the New York State Constitution.

44. The acts complained of were carried out by the Defendant POLICE OFFICERS in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto, pursuant to the customs, usages, practices, procedures, and the rules of Defendant THE CITY OF NEW YORK and the NYPD.

45. The Defendant POLICE OFFICERS and Defendant THE CITY OF NEW YORK, collectively and individually, while acting under color of state law violated the Plaintiff's constitutional rights by engaging in conduct proscribed by the New York State Constitution.

46. The Defendants caused the Plaintiff to suffer personal injuries, emotional distress, anguish, anxiety, fear, out-of-pocket costs, and other special damages.

47. As a result of Defendant POLICE OFFICERS' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

48. As a result of the conduct of defendants, Plaintiff has been harmed in an amount to be determined at a trial, along with punitive damages, together with attorney's fees and costs.

## EIGHTH CLAIM
NEGLIGENT HIRING, RETENTION TRAINING AND SUPERVISION

49. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. Defendant The City of New York hired, trained, and supervised the Defendant POLICE OFFICERS who caused the injuries to the Plaintiff.

51. Defendant THE CITY OF NEW YORK hired the Defendant POLICE OFFICERS without regard to their propensity to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

52. Defendant THE CITY OF NEW YORK retained the Defendant POLICE OFFICERS despite knowledge of their use of excessive or reckless force, or repeated violations of citizens' constitutional rights.

53. Defendant THE CITY OF NEW YORK failed to train the Defendant POLICE OFFICERS not to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

54. Defendant THE CITY OF NEW YORK failed to supervise the Defendant POLICE OFFICERS to ensure that they did not to use excessive or reckless force, or to unlawfully violate the constitutional rights of citizens.

55. Defendant THE CITY OF NEW YORK and the Defendant POLICE OFFICERS failed to properly supervise Defendant DOE POLICE OFFICERS on the night of this incident.

56. Defendant THE CITY OF NEW YORK and the Defendant POLICE OFFICERS failed to properly train supervising officers on the proper supervision of officers in policing of large demonstrations and use of force and aggression in response to protesters protected by the First Amendment.

57. The Defendants caused the Plaintiff to suffer personal injuries, emotional distress, anguish, anxiety, fear, out-of-pocket costs, and other special damages.

58. As a result of Defendant POLICE OFFICERS' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## NINTH CLAIM

RESPONDEAT SUPERIOR

59. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60. The acts complained of were carried out by the aforementioned Defendant POLICE OFFICERS in their capacities as police officers, officials, and agents of the City of New York.

61. The acts complained of were carried out by the aforementioned Defendant POLICE OFFICERS in their capacities as police officers and officials in the course of their employment by Defendant THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

62. The Defendants caused the Plaintiff to suffer personal injuries, emotional distress, anguish, anxiety, fear, out-of-pocket costs, and other special damages.

63. As a result of Defendant POLICE OFFICERS' impermissible conduct, the Plaintiff demands judgment against Defendants in an amount to be determined at trial, along with punitive damages, together with attorney's fees and costs.

## Prayer for Relief

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages against all Defendants except the City of New York in an amount to be determined at trial;

c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;

d. Pre- and post-judgement interest to the fullest extent permitted by law; and

e. Any additional relief the Court deems just and proper.

Dated: New York, New York
October 29, 2021

Respectfully submitted,

_____

Miles Ashton, Esq.
Mariano Ashton PLLC
Attorneys for Plaintiff
CUNY LawWorks
2 Court Square – CLW
Long Island City, NY  11101-4356
Miles.Ashton.esq@gmail.com
(217) 474 4004

**Attorney's Verification**

I, Miles Ashton, am attorney for the plaintiff.  I have reviewed the answer above, and the same is true to by knowledge, except as to matters alleged on information and belief, and that as to such matters I believes them to be true.  This verification is made by deponent instead of the plaintiff because the plaintiff IS not within the county where deponent maintains his offices.  As to those matters alleged upon information and belief, the source of deponent's information and the grounds for deponent's belief are the deponent's investigation, including investigative materials and records contained in the deponent's file.

_____
MILES ASHTON